IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| RODNEY PATTERSON | ) | |
| | ) | |
| v. | ) | NO. 3:11-0918 |
| | ) | |
| DARRON HALL, et al. | ) | |

TO: Honorable Todd J. Campbell, Chief District Judge

# REPORT AND RECOMMENDATION

By Order entered October 5, 2011 (Docket Entry No. 4), the Court referred this action to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

For the reasons set out below, the Court recommends that this action be dismissed with prejudice.

## I. BACKGROUND

Pursuant to the Order of referral, process was issued in this pro se and in forma pauperis action to the three defendants named in the complaint – Shawn Bell, Darron Hall, and Joel Huff – on the plaintiff's claims that the defendants violated his civil rights during his confinement within the Davidson County Criminal Justice Center ("CJC") in 2011. The record in this action shows that

process was issued to Defendants Hall and Huff at the Davidson County Sheriff's Office on November 3, 2011, see Docket Entry Nos. 8-9, and that return receipt cards signed by "Joy Vague," an administrative assistant at the Davidson County Criminal Justice Center, were returned. However, neither Hall nor Huff has answered or otherwise appeared in the action. On January 27, 2012, Defendant Bell filed a motion to dismiss (Docket Entry No. 10) to which the plaintiff has not responded despite being given a deadline of April 9, 2012, to file a response.[1]

Because of the plaintiff's failure to respond to the motion to dismiss filed by Defendant Bell, his failure to take any action with respect to his claims against defendants Hall and Huff, and his failure to have taken action to prosecute his claims since returning service packets for the defendants, the Court entered an Order on June 6, 2012 (Docket Entry No. 16), directing that the plaintiff file, by June 22, 2012, a response to the pending motion to dismiss and a notice of his intention to prosecute this action as to Defendants Hall and Huff. The record shows that the return receipt card for the copy of the June 6, 2012, Order mailed to the plaintiff at the address he provided in his complaint was accepted and signed by a "Joe E. Patterson," on June 7, 2012. See Docket Entry No. 18. However, the plaintiff has not filed any type of response to the Court's June 6, 2012, Order.

## II. CONCLUSIONS

Rule 16(f)(1) of the Federal Rules of Civil Procedure provides that "on motion or on its own, the Court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a

---

[1] By Order entered March 8, 2012 (Docket Entry No. 12), the plaintiff was given a deadline of April 9, 2012, to respond to the motion.

2

party . . . (C) fails to obey a scheduling or other pretrial order." Pursuant to Rule 37(b)(2)(A)(v), the Court may dismiss an action as a sanction.

In addition, it is well-settled that federal trial courts have the inherent power to manage their own dockets. Link v. Wabash Railroad Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961). Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by a plaintiff. See Carter v. City of Memphis, Tennessee, 636 F.2d 159, 161 (6th Cir. 1980).

Dismissal of this action pursuant to Rule 16(f)(1) and Rule 41(b) is warranted because of the plaintiff's failure to comply with the directives of the Court and his failure to take steps to prosecute the action. Dismissal of the action with prejudice is appropriate in light of the plaintiff's disregard of the Court's Order entered June 6, 2012, his failure to provide any valid justification for his actions, and the impasse in further proceedings in the action caused by the plaintiff's conduct. Given the plaintiff's apparent disinterest in the action, a sanction lesser than dismissal is not warranted.[2]

## RECOMMENDATION

Accordingly, the Court respectfully RECOMMENDS that this action be DISMISSED with prejudice in its entirety pursuant to Rule 16(f)(1) and Rule 41(b) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of receipt of this notice and must state with particularity the specific

---

[2] The fourteen day period for filing objections to this Report and Recommendation provides the plaintiff with yet another opportunity to show why the action should not be dismissed.

3

portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

The Clerk is directed to send a copy of this Report and Recommendation, as well as the Order entered July 12, 2011 (Docket Entry No. 50), to the plaintiff at both the address listed for the plaintiff on the docket and to the Sumner County Jail, 117 W. Smith Street, Gallatin, TN 37066..

      Respectfully submitted,

      _____
      JULIET GRIFFIN
      United States Magistrate Judge